**BELLIVEAU et al. v. MONAHAN et al.**

No. 1393.

District Court, D. Massachusetts.

Feb. 25, 1948.

Harry Kisloff, of Boston, Mass., for plaintiff.

Solomon Rosenberg, of New Bedford, Mass., for Jacobsen, executrix.

Merritt J. Aldrich, of Boston, Mass., for Liberty Mutual.

William T. McCarthy, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., for Government.

HEALEY, District Judge.

This matter came on for hearing on the motion of the respondent Deputy Commissioner Patrick J. Monahan, to dismiss the libel for want of jurisdiction.

The libelants, members of the immediate family of the deceased Reginald J. Belliveau, filed claims with the Deputy Commissioner for the First Compensation District of the United States Employees' Compensation Commission, for compensation benefits allegedly due them under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and for funeral expenses of the deceased.

On May 22, 1947, the respondent, Deputy Commissioner, after a hearing, made certain findings of fact and ordered that the libelants' claim be rejected because the death of said Reginald J. Belliveau did not result from an injury "sustained in the course and arising out of his employment."

On June 20, 1947, the libelants filed their libel under Section 21(b) of the Act, 33 U.S.C.A. § 921(b), asking that a mandatory injunction be granted by this court direct-

438

ing the respondent to set aside his finding and ordering him to find that the death of the said Reginald J. Belliveau was the result of an injury sustained in the course and arising out of his employment.

A copy of the stenographic report of the evidence on which the respondent's findings were based is attached to the respondent's motion to dismiss and by agreement of the parties becomes a part of the record for the purpose of this motion.

Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), states in part as follows: "(b) If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court * * * of the United States * * *."

By this section of the Act, Congress has not provided for a trial de novo in the District Court, Wilson & Co., Inc., v. Locke, 2 Cir., 50 F.2d 81, but merely for a review of the decision of the Deputy Commissioner. The district court may set aside an order only when it is based on an error of law, or when there is no substantial evidence to sustain the findings of fact made by the Deputy Commissioner. South Chicago Coal & Dock Co. et al. v. Bassett, Deputy Commissioner, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732. And it is immaterial whether the decision is deemed contrary to the weight of the evidence, so long as there is some evidence to sustain it. Norton, Deputy Commissioner, v. Warner Company, 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931.

The finding by the deputy commissioner that the deceased's death did not arise out or in the course of his employment, was a finding of fact. Voehl v. Indemnity Insurance Company of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245. Thus, if it were supported by evidence, it must be deemed to be conclusive.

This finding was based upon the preliminary finding "that in going to bed the said Reginald J. Belliveau deliberately departed from his employment as a watchman."

A review of the evidence which is a part of the record for the purpose of this motion, convinces me that there was some evidence upon which the deputy commissioner could base his findings. Thus, although this court might have reached a different finding, on the basis of all the evidence, the finding of fact of the deputy commissioner must stand. Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229.

I find no error of law committed by the Deputy Commissioner in making his decision.

The motion to dismiss must be allowed.